**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| CRAIG ALLEN,                          )  | |
|        Plaintiff,       ) | |
| )| |
| v.                                            ) | CASE NO. CIV-20-971-SLP |
| )| JUDGE: |
| WORLDWIDE FLIGHT SERVICES, ) | |
| INC., a foreign corporation          ) | |
| )| ATTORNEY'S LIEN CLAIMED |
|        Defendant.   ) | JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW the Plaintiff, Craig Allen, by and through his attorney, Gregory Meier of Meier and Associates, and for his Complaint against the Defendant, Worldwide Flight Services, Inc., herein alleges and shows the Court as follows:

### PARTIES

1. Plaintiff, Craig Allen, is a resident of Tulsa County, State of Oklahoma.

2. Defendant, Worldwide Flight Services, Inc., is a foreign for profit business corporation, incorporated in the State of Delaware with its principle place of business in the State of New York, doing business in Oklahoma County, State of Oklahoma.

### JURISDICTION

1. Defendant, Worldwide Flight Services, Inc. is registered to do business in the State of Oklahoma and through its registered service agent, The Corporation Company, may accept service of process for suits against it within the State of Oklahoma.

2. That the acts complained of herein occurred in Las Vegas, Nevada.

3. While the acts complained of herein occurred out of state, this Court has proper subject matter jurisdiction, personal jurisdiction, and venue.

4. Subject matter jurisdiction is met under diversity of citizenship, and the claim exceeds $75,000 pursuant to 28 U.S.C. § 1332.

5. This Court has proper personal jurisdiction over both parties. Plaintiff is a citizen of this state; therefore, this Court has proper personal jurisdiction over Plaintiff. This Court has proper personal jurisdiction over Defendant. While the wrongful acts occurred outside the State of Oklahoma, Defendant has sufficient continuous and systematic contacts with this state. Defendant's Oklahoma location is at the Will Rogers World Airport in Oklahoma City, Oklahoma. Defendant has been registered to do business in Oklahoma since 2004. Defendant, due to its continuous and systematic contact with this forum, has purposefully availed itself to service of process and suit within the State of Oklahoma. Therefore, personal jurisdiction is proper.

## VENUE

1. Venue is proper with this Court pursuant 28 U.S.C. § 1391(b)(1), (c)(2), (d). Defendant maintains contacts at Will Rogers World Airport in Oklahoma City, Oklahoma. This Court's jurisdiction encompasses the city of Oklahoma City; therefore, venue is proper.

## FACTS

2. On October 14, 2018, the Plaintiff, after staying the night in a Las Vegas, Nevada hotel, was transported back to the airport by Defendant's van services to report for duty as an airline pilot.

3. Defendant's van service was transferring Plaintiff from his hotel to the McCarran International Airport when the accident occurred.

4. Defendant's driver of the van failed to stop at an intersection traffic signal and rear-ended another vehicle, which was stationary at the time, causing an auto accident.

5. Plaintiff, as a passenger of the van, was thrown against his seat belt and the seat in front of him causing him injury.

6. Defendant's driver did not attempt to stop before running into the back of the stationary vehicle, thereby causing injury to Plaintiff as a passenger of the van.

7. After the accident, Plaintiff was transferred to a second van owned and operated by Defendant and was taken to McCarran International Airport Code 3 Urgent Care.

8. At Code 3 Urgent Care, Plaintiff was treated for multilevel degenerative changes through his lumbar spine, disc space loss, and endplate osteophytes.

9. Plaintiff could not return to work for a week after this accident and continues to have pain, suffering, and physical problems stemming from this accident.

10. That Defendant was negligent in causing this accident, owed a duty of reasonableness to Plaintiff, breached this duty of reasonableness as a carrier to Plaintiff, and caused extensive physical, mental, and emotional pain and suffering to Plaintiff.

11. That the foregoing acts of negligence caused by this accident, on the part of Defendant, has caused Plaintiff to suffer great physical, mental, and emotional injury as well as a incurred pain and suffering and medical expenses as a consequence of Defendant's negligence, and believes he will incur future pain and suffering, future medical expenses, and the loss of his career, and was damaged in excess of $75,000.

12. That the Plaintiff believes there are other potential Defendants unknown to the Plaintiff at this time who along with the named Defendants were culpable and responsible for the auto accident. Plaintiff reserves the right to identify potential

third-party Defendants through discovery in this litigation and here reserves the right to bring those causes of action against those presently unknown Defendants.

13. The actions of Defendants at issue were outrageously negligent and/or undertaken with reckless indifference to the rights and interests of Plaintiff. As such, Plaintiff is entitled to the maximum award of punitive damages allowed under the law or in excess of $75,000.

WHEREFORE, premises considered, Plaintiff prays for judgment against the named Defendant herein in an amount in excess of $75,000 exclusive of interest and cost in actual damages, maximum amount of punitive damages allowed under the law or in excess of $75,000, payment of all medical bills due to this accident, payment of the loss of Plaintiff's future career, and such other potential third-party Defendants that may be discovered as also legally responsible for Plaintiff's actual damages, and the maximum amount of punitive damages allowed under the law or in excess of $75,000 and for such other and further relief as is proper.

Respectfully submitted,

*/s/ Greg Meier*
Gregory G. Meier, OBA #6122
1524 South Denver Avenue
Tulsa, Oklahoma 74119-3829
(918) 584-1212 - Voice
(910)584-1295-Facsimile
*Attorney for Plaintiff*