IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CRAIG ALLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-20-971-SLP |
| ) | |
| WORLDWIDE FLIGHT SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Before the Court is Defendant Worldwide Flight Services, Inc.'s Motion to Dismiss and Brief in Support [Doc. No. 5]. It is at issue. *See* Pl.'s Resp. [Doc. No. 7]; Def.'s Reply [Doc. No. 8].

**I.      Background**

Defendant Worldwide Flight Services, Inc. ("Worldwide") provides certain services to the airline industry, including the transport of airline personnel. Plaintiff Craig Allen, an Oklahoma resident and airline pilot, sued Worldwide for injuries allegedly resulting from a traffic accident that occurred on October 14, 2018 in Las Vegas when Worldwide's van failed to stop at a traffic signal and rear-ended another vehicle. Compl. [Doc. No. 1], at 2-3. Worldwide then transported Plaintiff in a second van to McCarran International Airport Code 3 Urgent Care, where he was "treated for multilevel degenerative changes through his lumbar spine, disc space loss, and endplate osteophytes." *Id*. at 3. Plaintiff asserts a claim for negligence.

The parties agree that Worldwide is incorporated in Delaware and has a principal place of business in New York but does business in Oklahoma.[1] Further, Defendant apparently is registered to do business in Oklahoma and has a registered service agent in this state. Plaintiff also alleges the following in support of the argument the Court has personal jurisdiction over Defendant:

> While the wrongful acts occurred outside the State of Oklahoma, Defendant has sufficient continuous and systematic contacts with this state. Defendant's Oklahoma location is at the Will Rogers World Airport in Oklahoma City, Oklahoma. Defendant has been registered to do business in Oklahoma since 2004. Defendant, due to its continuous and systematic contact with this forum, has purposefully availed itself to service of process and suit within the State of Oklahoma.

*Id*. at 2. Defendant filed a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).

## II.   Governing Standard

This Court has personal jurisdiction over defendants "subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k)(1)(A); *see also United States v. Botefuhr*, 309 F.3d 1263, 1271 (10th Cir. 2002). This exercise of jurisdiction must "not offend the due process clause of the Fourteenth Amendment." *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1074 (10th Cir. 1995). Because Oklahoma "permits the exercise of any jurisdiction that is consistent with the United States Constitution[,]" this Court's exercise of personal jurisdiction "collapses into

---

[1] Because Plaintiff seeks an award "in an amount in excess of $75,000" (Compl. 4), the Court appears to have proper diversity subject-matter jurisdiction over this case. 28 U.S.C § 1332(a).

a single due process analysis[.]" *Botefuhr*, 309 F.3d at 1271 (quotations omitted). The due process inquiry requires satisfying two elements: (1) "a defendant must have 'purposefully established minimum contacts within the forum state'" and (2) "the assertion of personal jurisdiction must comport with traditional notions of fair play and substantial justice." *Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1229 (10th Cir. 2020) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

A motion to dismiss decided without an evidentiary hearing requires Plaintiff to make only a prima facie showing that jurisdiction exists. *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995). This showing can be made "through affidavits or other written materials." *Dental Dynamics*, 946 F.3d at 1228. The Court accepts the well pled facts in the plaintiff's complaint as true and factual disputes will be resolved in the plaintiff's favor. *Wenz*, 55 F.3d at 1505.

### III. Analysis

#### A. General Personal Jurisdiction

The "minimum contacts" element may be satisfied by showing the existence of specific or general personal jurisdiction over the defendant. *OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1091-92 (10th Cir. 1998). Plaintiff concedes specific personal jurisdiction is not appropriate here. Resp. 3. Thus, the Court focuses on general personal jurisdiction.

General personal jurisdiction is appropriate when the defendants' "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919

(2011); *see also Daimler AG v. Bauman*, 571 U.S. 117, 138-39 (2014) ("the inquiry under *Goodyear* is not whether a foreign corporation's in-forum contacts can be said to be in some sense continuous and systematic, it is whether that corporation's affiliations with the State are so continuous and systematic as to render it essentially at home in the forum State.") (cleaned up).  This kind of personal jurisdiction "means a court may exercise jurisdiction over an out-of-state party for any purpose." *Dental Dynamics*, 946 F.3d at 1228 n.2.  The suit need not arise out of or relate to the defendant's contacts in the forum. *Am. Fid. Assur. Co. v. Bank of New York Mellon*, 810 F.3d 1234, 1238 (10th Cir. 2016). Because there is no relatedness requirement under the general jurisdiction analysis, the minimum contacts test is "more stringent[.]" *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 904 (10th Cir. 2017) (quotation omitted).

The following facts are not disputed: Defendant provides services related to the airline industry at Will Rogers Airport in Oklahoma City, Oklahoma; Defendant is registered to do business in Oklahoma; and Defendant has an agent for service of process in Oklahoma.  Defendant asserts, however, it has "approximately 100 locations across the United States" and its operations at Will Rogers Airport "accounts for less than 00.16% of [its] total operations."  Mot. 3.[2]

---

[2] Defendant attaches a declaration from Worldwide's Director of Risk Management, Keith Perram, making these statements.  Mot. 15.  The Court reminds Defendant to follow the Court's ECF Policies and Procedures Manual § II(A)(4)(a): "Exhibits and attachments that are filed electronically shall be submitted as separate attachments to the document[.]"

4

The "paradigm" fora for general jurisdiction are the place of incorporation and principal place of business. *Daimler*, 571 U.S. at 137. For Worldwide, those places are Delaware and New York. Accordingly, Plaintiff will have to show this is the "exceptional case" and Worldwide is also "at home" in Oklahoma. *Id*. at 139 n.19.

Plaintiff argues that Defendant has "continuous and systematic business contact with the state." Resp. 3. Moreover, Plaintiff asserts that the cases on which Defendant relies are "non-binding" because they involved issues pertinent to related entities and "little to no contact within the forum." *Id*. at 7. This case is different, says Plaintiff, because Defendant "is physically present in the forum"—it has an office and employees here. *Id*. at 7, 10. According to Plaintiff, "a continuous and systematic relationship . . . with the state is what is required for this Court to exercise general jurisdiction." *Id*. at 10.[3]

Defendant replies by emphasizing the "at home" component of the general jurisdiction inquiry and asserts that meeting this standard in a state that is not the place of incorporation or principal place of business is rare. Defendant asserts it cannot be considered "at home" here, because it has "approximately 100 locations across the United States." Mot. 8. Defendant also asserts the Supreme Court did not make any qualifications

---

[3] Plaintiff also invokes the stream-of-commerce theory in asserting Defendant has "purposefully directed its product of services toward Oklahoma rend[er]ing it under the general jurisdiction of this Court." *Id*. at 11 (citing *Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102 (1987)). This theory "permit[s] jurisdiction in products liability cases in which the product has traveled through an extensive chain of distribution before reaching the ultimate consumer." *Goodyear*, 564 U.S. at 926 (quotation and internal quotation marks omitted). But the stream-of-commerce theory is pertinent to the specific jurisdiction analysis rather than the general jurisdiction analysis. *Id*. at 927 ("Flow of a manufacturer's products into the forum, we have explained, may bolster an affiliation germane to *specific* jurisdiction."). Accordingly, Plaintiff's stream-of-commerce argument fails.

to the rules governing general jurisdiction based on related-entity issues.  Reply 1-2. Further, Defendant asserts that physical presence, like Worldwide's presence at Will Rogers Airport, is not enough.  *Id*. at 2.  Additionally, registering as a business in a state is not enough.  Mot. 9.

The Court rejects Plaintiff's attempt to distinguish *Daimler* and *Goodyear* on the basis that no related-entity issues are present here.  Although those cases involved facts concerning multiple entities, those cases still developed the rule applicable to the general jurisdiction analysis: that general jurisdiction "requires affiliations so continuous and systematic as to render the foreign corporation essentially at home in the forum State." *Daimler*, 571 U.S. at 133 n.11 (cleaned up).

Consistent with this standard, the Court also rejects Plaintiff's argument that general jurisdiction only requires "continuous and systematic general business contacts[.]"  Resp. 8, 10.  The Tenth Circuit foreclosed this argument in *American Fidelity Assurance Co.*, a case in which a defendant asserted previous Tenth Circuit cases "interpreted *Goodyear* to permit general jurisdiction so long as a corporation had continuous and systematic contacts with the forum state."  810 F.3d at 1241.  The Tenth Circuit swiftly rejected this argument:

> We did no such thing. This court has not permitted, and could not permit under *Goodyear*, general jurisdiction based only on continuous and systematic contacts with the forum. . . . . in attempting to restate our precedent, [the defendant] ignores the "at home" part of the Tenth Circuit/*Goodyear* standard.

*Id*.  It is "unacceptably grasping" to subject a corporation to the general jurisdiction of "every State in which a corporation engages in a substantial, continuous, and systematic course of business."  *Daimler*, 571 U.S. at 138 (quotation marks omitted).  Instead, the

6

"textbook case" of general jurisdiction is *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437 (1952). *Goodyear*, 564 U.S. at 928 (quotation omitted). In *Perkins*, the plaintiff filed suit in Ohio against a Philippine mining company. 342 U.S. at 438-39. Because the president and principal stockholder of the defendant returned home to Ohio and maintained an office there during the Philippines' occupation in World War II, jurisdiction was proper in Ohio. *Id*. at 448.

This is not the "exceptional case" envisioned by *Daimler*. The Court finds that Plaintiff has failed to show that this Court may exercise general jurisdiction over Worldwide because Worldwide's contacts are like those held insufficient in *Daimler* and *BNSF Railway Co. v. Tyrrell*, 137 S. Ct. 1549 (2017). First, the Court addresses the fact that Worldwide has operations at the Will Rogers Airport in Oklahoma City (and apparently has had such operations for several years). This location is one of 100 total and accounts for 0.16% of Worldwide's operations. Mot. 15. *Daimler* held that California did not have general jurisdiction over a foreign parent even assuming a subsidiary's contacts in California could be attributed to the parent. 571 U.S. at 139. The subsidiary had "*multiple* California-based facilities, including a regional office in Costa Mesa" and the subsidiary's California sales accounted for 2.4% of the parent's worldwide sales. *Id*. at 123 (emphasis added). But the Court held these "slim contacts" with California did not satisfy the "at home" requirement of general jurisdiction. *Id*. at 136; *see also id*. at 139 ("If [parent's] California activities sufficed to allow adjudication of this Argentina-rooted case in California, the same global reach would presumably be available in every other State in which [subsidiary's] sales are sizable."). *Daimler* also instructs:

7

> General jurisdiction instead calls for an appraisal of a corporation's activities in their entirety, nationwide and worldwide. A corporation that operates in many places can scarcely be deemed at home in all of them. Otherwise, "at home" would be synonymous with "doing business" tests framed before specific jurisdiction evolved in the United States.

*Id.* at 139 n.20.  Additionally, in *BNSF Railway Co.*, the Supreme Court held that the defendant railroad was not "at home" in Montana even where it had over 2,000 miles of railroad track and more than 2,000 employees in the forum.  137 S. Ct. at 1559.[4]  In light of these authorities, the Court holds that Plaintiff fails to demonstrate a prima facie case of general personal jurisdiction over Worldwide.  Having a single location in this forum out of 100 total locations (that accounts for a miniscule percentage of Worldwide's total revenues) is not enough to show this Court has general jurisdiction over Worldwide.

Second, the fact that Worldwide has a registered agent in Oklahoma and is registered to business here does not render Worldwide "at home" in Oklahoma.  Other courts have agreed that registration is insufficient.  *See Satterfield v. Government Employees Insurance Co.*, 287 F. Supp. 3d 1285, 1297 (W.D. Okla. 2018) (holding an insurance company's license to do business in Oklahoma did not render the company "at home" in this state); *Samuelson v. Honeywell*, 863 F. Supp. 1503, 1506-07 (E.D. Okla. 1994) (holding a defendant's registered agent and registration to do business were insufficient to confer general jurisdiction over the defendant).[5]

---

[4] This represented "about 6% of its total track mileage" and "less than 5% of its total work force[.]" *Id.* at 1554.  The defendant also "generates less than 10% of its total revenue in the State, and maintains only one of its 24 automotive facilities in Montana (4%)." *Id.*

[5] Further, Plaintiff fails to present a developed argument with citation to case law regarding the registration issue.  And Plaintiff certainly does not argue that via its registration, Defendant *consented* to jurisdiction in Oklahoma.  To be sure, courts have addressed consent-by-registration

8

**B.     Venue**

Venue is proper in the following judicial districts:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  A defendant that is an entity "shall be deemed to reside . . . in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question[.]"  *Id*. § 1391(c)(2).

Although Defendant does not explicitly bring its motion under Federal Rule of Civil Procedure 12(b)(3), Defendant asserts that the case should be dismissed because venue is improper under 28 U.S.C. § 1391(b)(1) or (b)(2).  That is because Worldwide is not a resident of Oklahoma and the events giving rise to the claim occurred in Nevada.  Mot. 11.  Notably, Defendant concedes that "[t]his action can be brought in the United States District Court, District of Nevada."  *Id*.  In contrast, Plaintiff asserts venue is proper under § 1391(b)(1) because this Court has personal jurisdiction over Defendant.  Plaintiff asks

---

as a theory of conferring personal jurisdiction over an entity defendant. *E.g.*, *Aclin v. PD-RX Pharmaceuticals Inc.*, 189 F. Supp. 3d 1294, 1302-04 (W.D. Okla. 2016).  Accordingly, the Court deems any argument Plaintiff might be attempting to make regarding consent as a basis for personal jurisdiction as waived.  *See Hardeman v. City of Albuquerque*, 377 F.3d 1106, 1122 (10th Cir. 2004) ("issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.") (quotation omitted); *Cole v. New Mexico*, 58 F. App'x 825, 829 (10th Cir. 2003) (failing to raise issue in response to motion to dismiss waives the issue); *Whitehead v. Bickford*, No. CV 20-491 JAP/LF, 2020 WL 4734772, at *9 n.6 (D.N.M. Aug. 14, 2020) ("under Tenth Circuit law, failing to respond constitutes waiver.").

the Court to deny Defendant's Motion "or in the alternative . . . transfer this case to the proper jurisdiction rather than dismissal[.]" Resp. 16.

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Additionally, if "there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed[.]" 28 U.S.C. § 1631. "Although both § 1406(a) and § 1631 contain the word 'shall' we have interpreted the phrase 'if it is in the interest of justice' to grant the district court discretion in making a decision to transfer an action or instead to dismiss the action without prejudice." *Trujillo v. Williams*, 465 F.3d 1210, 1222–23 (10th Cir. 2006).

The Court has already determined that Oklahoma does not have personal jurisdiction over Worldwide. Accordingly, venue in this district is improper. But because Worldwide was incorporated in Delaware, has a principal place of business in New York, and the accident at issue occurred in Nevada, the Court finds venue would be proper in Delaware, New York, or Nevada under § 1391(b)(1)-(2).[6] The Court finds it is in the interest of justice to transfer this action to the United States District Court for the District of Nevada. *See Troupe v. O'Neill*, No. 02-4157-SAC, 2003 WL 21289977, at *2 (D. Kan.

---

[6] Subsection (b)(3) does not apply because there is a "district in which an action may otherwise be brought[.]" *Id.* § 1391(b)(3).

May 9, 2003) ("Generally, the court will transfer rather than dismiss a case for improper venue."); *see also Satterfield*, 287 F. Supp. 3d at 1299 (transferring case where the court lacked personal jurisdiction over the defendant). The District of Nevada is proper under 28 U.S.C. § 1391(b)(2) because that is where "a substantial part of the events or omissions giving rise to the claim occurred[.]" Moreover, Defendant concedes the action may be brought there and fails to argue against Plaintiff's alternative request for a transfer.

The factors the Court must analyze regarding transfer also suggest transfer is appropriate. Those factors are:

> 1) a new action would be barred by limitations; 2) the claims asserted are likely to have merit; and 3) the original action was filed in good faith and not filed after the plaintiff knew, or should have known, that she should have filed the action in a different forum.

*Rodgers v. Fallin*, No. CIV-12-171-D, 2013 WL 149723, at *6 (W.D. Okla. Jan. 14, 2013) (citing *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1544 (10th Cir. 1996)). If the Court dismissed this case, Plaintiff may encounter a statute of limitations issue because the underlying accident occurred in October 2018 and Nevada has a limitations period of two years. Nev. Rev. Stat. § 11.190(4)(e); *see also Smith v. Basin Park Hotel, Inc.*, 178 F. Supp. 2d 1225, 1235-36 (N.D. Okla. 2001) (transferring to the Western District of Arkansas and emphasizing the "potential statute of limitations problems faced by plaintiff if this case were dismissed"). Moreover, it appears to the Court

the negligence claim, as pleaded, may have merit and there is nothing to indicate that Plaintiff did not exercise good faith in filing this action.[7]

## IV. Conclusion

IT IS THEREFORE ORDERED that Defendant Worldwide Flight Services, Inc.'s Motion to Dismiss and Brief in Support [Doc. No. 5] is DENIED.

IT IS FURTHER ORDERED that the Court finds in the interest of justice that this matter should be transferred to the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1406(a) and 28 U.S.C. § 1631. The Clerk of the Court is directed to transfer this action to the Clerk of that judicial district.

IT IS SO ORDERED this 12th day of January, 2021.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

[7] In light of the Court's holding that it does not have personal jurisdiction over Worldwide, the Court does not reach Worldwide's forum non conveniens argument. *See* Mot. 11-12.